CINDY WILLIAMS                    *        NO. 2019-CA-0116

VERSUS                           *        COURT OF APPEAL

NORMAN S. HALEY                   *        FOURTH CIRCUIT

                                 *        STATE OF LOUISIANA

                                 *

                                 *
                        * * * * * * *

CONSOLIDATED WITH:                        CONSOLIDATED WITH:

CINDY H. WILLIAMS                         NO. 2019-CA-0479

VERSUS

NORMAN S. HALEY


**DYSART, J., CONCURS, IN PART AND DISSENTS, IN PART**

I concur in the majority's opinion in the limited aspect of affirming the trial court's decision to dismiss the original Petition for injunctive relief filed on August 10, 2018, commonly referred to as an LPOR form O. In all other respects, I dissent from the majority opinion and set forth the following reasons:

This matter originates out of a divorce proceeding between Norman S. Haley and Rachel Davis-Haley. The proceedings were very contentious dating back to 2015.

In July of 2018, Ms. Haley filed a Motion for Temporary Restraining Order Prohibiting Harassment, in which she alleged that Mr. Haley had sent her a "barrage" of text messages that . . . " are "insulting, derogatory, abusive, cruel and harassing."

The Motion alleged further that, as Ms. Haley was a breast cancer survivor, the messages were particularly cruel.  Attached as an exhibit to the Petition were copies of the text messages referenced.  A portion of that exhibit follows:

(Screen shot text messages dated 7/16/2018) -

Ms. Haley: Any thing I say you will not believe….but I apologize for the trouble you are experiencing there….it was not my intention. . . .

Mr. Haley:  Save it for the Rule for Contempt, I was trying my best but F**K YOU NOW BITCH.

Ms. Haley: I do not know about a trip to Houston….unlike you…..I do not schedule trips for the kids without consulting you….. Watch your language!!!!

Mr. Haley:  You have lost your f**king mind what little you have left.  I am real close to WHIPPING YOUR F**KING ASS. F**k you don't send me shit bitch and you need not come here tomorrow. I will bring [the parties' son] home.  Well, you do have half a brain. I will deal with you when I get to you…YOU STUPID F**KING BITCH YOU WILL F**KING PAY FOR THIS TRUST ME YOU WILL F**KING PAY DEARLY! …. HALF A BRAIN AND NO TITTIES!!! YOU ARE WORTHLESS SCARRED FOR LIFE BITCH!!!!

It is in this context and against this background that the hearing on the motion was set in CDC for August 8, 2018.  Counsel for Ms. Haley was Cindy H. Williams.  When the parties arrived at the Civil District Court for the hearing, Mr. Haley, an attorney, while walking down the hall, intentionally veered to the left and struck Ms. Williams who was walking aside the wall. The incident was captured on a video camera installed at the courthouse.

As a result of this incident, Ms. Williams filed for the protective order against Mr. Haley on August 10, 2018, and on that same date, a "Louisiana Abuse Protective Order" was issued by the district court. That order stood to expire on its own on August 30, 2018; however, Mr. Haley filed various exceptions and requested attorney's fees pursuant to La. C.C.P. art. 863.  On  August 30, 2018, the court dismissed the petition "without prejudice" noting that "Petitioner used the

wrong form." Mr. Haley then moved forward on his claim for attorney fees claiming that the protective order was wrongfully filed. He was ultimately awarded attorney's fees in the amount of $8,290.00.

While I agree that Ms. Williams filed the wrong form in seeking injunctive relief, ultimately, she prevailed, and a permanent injunction was issued after filing the proper petition in the correct section of court. Under these circumstances, I cannot see any justice in awarding Mr. Haley, an officer of the court, any amount whatsoever. Moreover, Mr. Haley should be indeed thankful that Ms. Williams merely sought injunctive relief in a civil setting instead of pressing charges for battery and reporting Mr. Haley's behavior to the Louisiana State Bar Association.

The video introduced at the hearing on the second petition, was compelling. It provided indisputable evidence that Mr. Haley intentionally went out of his way to strike Ms. Williams, knocking her against the wall, which prevented her from falling to the ground. This is shocking behavior, especially since Mr. Haley is an officer of the court. It is completely abhorrent that a man would strike a woman in that manner.

The trial court articulated its reasons succinctly after reviewing the video. The judge disregarded the testimony of the experts hired by each party, finding their testimony to be unnecessary:

> The Court did not need the testimony of the two experts retained in this case. The Court camera recorded the incident in question which happened in the hall of Civil District Court between the courtrooms of Divisions D and G. It was easy to determine what happened. Mr. Haley had ample room to avoid contact with Ms. Williams, but he failed to do so. Had his actions been unintentional, he would have stopped and excused himself. That didn't happen. It is surprising to this Court that a lawyer would act in this manner.

> Mr. Haley's attorney also argues that Ms. Williams is not entitled to an injunction because there was no irreparable harm. Irreparable harm is not required when an act is illegal. Mr. Haley's conduct meets this standard. As such, an injunction is appropriate.

Louisiana Revised Statute 14:33 defines battery, in part, as "the intentional use of force or violence upon the person of another. . . ." Any reasonable person viewing the video would find that a battery was committed upon Ms. Williams by Mr. Haley.

Thus, considering that Mr. Haley committed what can only be perceived as a battery against Ms. Williams, and considering that Ms. Williams ultimately prevailed in obtaining a permanent injunction against Mr. Haley, awarding Mr. Haley attorney's fees for his egregious and unprofessional behavior is unwarranted.

**Permanent Injunction:**

Audaciously, Mr. Haley appealed the issuance of the Permanent Injunction, "enjoining and prohibiting" Mr. Haley, his agents or assigns, " from harassing, threatening, [and] coming into physical contact with" Ms. Williams and "from communicating with her in any manner."

Mr. Haley asserts in his appeal:

> 1) Ms. Williams failed to establish good and reasonable grounds to fear for her safety;
> 2) The district court erred in disregarding expert testimony; and
> 3) The permanent injunction improperly restricts Mr. Haley's ability to collect the attorney fee judgment rendered against Ms. Williams, and restricts his ability to practice law in any case involving Ms. Williams.

The majority amended that portion of the trial court's permanent injunction removing the restriction of "and communicating with her in any manner." The argument by Mr. Haley adopted by the majority is that Mr. Haley would need to communicate with Ms. Williams to collect his judgment, and to communicate in cases that Mr. Haley and Ms. Williams may have together in the future. I disagree.

Mr. Haley's egregious behavior without any sliver of remorse would indicate to me there should be no opportunity for communication with Ms. Williams, at least until Mr. Haley is contrite and acknowledges his improper

behavior. Mr. Haley is represented by counsel and, therefore, there is no need for him to communicate with Ms. Williams. While I would maintain the permanent injunction barring Mr. Haley from communicating with Ms. Williams, I would remove the restriction of communication between Mr. Haley's counsel and Ms. Williams.

Accordingly, I dissent from the majority in the award of attorney's fees and in removing the language regarding communications between the parties.